IN THE MATTER OF THE PETITION OF LUCY TOMSON FOR A WRIT OF HABEAS CORPUS. IN THE MATTER OF THE PETITION OF ROSE WALTERS FOR A WRIT OF HABEAS CORPUS.

### February 18, 1914.

1. *Habeas corpus—Return to writ, or order to show cause:* Upon the issuance of a writ of habeas corpus, or an order to show cause why such writ should not issue, the return should be explicit, giving facts which justify the detention.

2. *Same—Same—Allegations of admissions:* A return is not made sufficient by allegations of admissions by the petitioner of conduct which, if true, would show him to be unlawfully in the United States, when it contains no charges of such conduct.

*Habeas Corpus:*   Exceptions to return to order to show cause.

*Andrews & Quarles* for petitioners.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J.   The petitions in these cases are substantially on the same grounds.   They allege American citizenship; that the petitioners are illegally deprived of their liberty by the respondent, the United States Immigration Inspector in Charge at the Port of Honolulu, for being unlawfully in the United States, but were not shown any warrants for their arrest nor affidavits upon which warrants were issued, and were ignorant of their right to inspect the same.   They further allege that threats were made to them by the immigration authorities to deter them from taking legal proceedings, and complain that they have not had a fair hearing upon any charge of violating the immigration laws of the United States, and, so far as they are aware, have had no hearing at all on any such charge.

The return to the order to show cause in each case is excepted to on the following grounds:   (1) The said return is insufficient in law to justify the detention and imprisonment of the petitioner, and does not show that she is lawfully detained and imprisoned by the respondent;   (2) The said return does not set forth and show any proceeding, lawful or otherwise, under which the petitioner is held, or has been held.

The return is largely made up of denials of the allegations of the petition, but no denial is made of the allegation that the petitioners were not shown any warrants for their arrest nor affidavits on which such warrants were issued.   It affirmatively states that the petitioners have been at all times fully informed as to all the steps taken in the proceedings and the causes and consequences of the same, and that at the time of their first arrest and subse-

quently they were informed of the grounds thereof, but nowhere is there any statement in the return of the grounds of their arrest or of any charge against them for violation of the laws of the United States, but it is alleged that they admitted that they were engaged in prostitution in violation of the laws of the United States; neither does the return exhibit, by copy or description, the warrants under which the petitioners were arrested, nor any affidavits or other forms of evidence appertaining thereto, or warrants of deportation, nor any records of the hearings which, in immigration rule 22, are required to be held.

[1] This court has stated the rule of practice in such cases, in the case of the application of *Koichi Maekawa* for a writ of habeas corpus, ante p. 226, with a citation of the following authorities: Church on Habeas Corpus, 2d ed., 225, sec. 148; Hurd on Habeas Corpus, 2d ed., 255, 256, 257. The return must be explicit, giving facts necessary to justify the detention; the necessary facts cannot be presumed. Without such facts the court cannot deal with the question raised by the application for the writ.

[2] The allegation of the return that the petitioners admitted that they were engaged in prostitution, does not make the return good. There is nothing in the record charging them with prostitution. As far as any showing is made they may have been suspected of being unlawfully in the country for any of the other statutory grounds.

It is unnecessary for me to take up at the present time the question of their rights under these proceedings, arising from their allegation of marriage with American citizens.

I find the return to be insufficient and allow the exceptions.